IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**KATHLEEN ANN BETTS**                                                                 **PLAINTIFFS**

**VERSUS**                                            **CIVIL ACTION NO. 1:18cv252-LG-RHW**

**UNITED STATES OF AMERICA**                                                           **DEFENDANT**

## REPORT AND RECOMMENDATION

Before the Court is [2] the *pro se* Plaintiff's motion for leave to proceed *in forma pauperis* (IFP) in this Federal Tort Claims lawsuit filed July 30, 2018.  Leave to proceed *in forma pauperis* is a privilege, not a right.  *Evensky v. Wright*, 45 F.R.D. 506, 507-08 (N.D. Miss. 1968).  Whether to grant or deny leave to proceed IFP is left to the sound discretion of the District Court. *Willard v. U.S.*, 299 F.Supp. 1175, 1177 (N.D. Miss. 1969), *aff'd*, 422 F.2d 810 (5th Cir. 1970).

Plaintiff states in her IFP application that her total average monthly income is $3625, consisting of $2230 alimony and $1395 disability.  The only additional assets listed are $40 cash and a 2009 Lexus automobile valued at $4000.  Plaintiff lists total average monthly expenses of $3787, consisting of $700 rent/mortgage, $250 utilities, $250 home maintenance,[1] $600 food, $200 clothing, $100 laundry/dry cleaning, $500 medical/dental, $100 transportation, $100 recreation and entertainment, $100 health insurance, $180 auto insurance, $245 for a storage unit, and installment payments of $362 for motor vehicle and $100 for a credit card.

## RECOMMENDATION

From the information provided it appears to the undersigned that with minor adjustment of some expenses, *e.g.* $100/month for recreation/entertainment, $200/month for clothing, or $100/month for laundry/dry-cleaning,  Plaintiff has sufficient assets to pay the required filing fee. The undersigned recommends that the motion for leave to proceed IFP be denied.

---

[1]Plaintiff's application does not indicate she owns a home or any other real estate.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Within 14 days after being served with a copy of a Report and Recommendation, a party may serve and file written objections to the Report and Recommendation, specifically identifying the findings, conclusions, and recommendations to which she objects. The District Court need not consider frivolous, conclusive, or general objections. After service of objections, opposing parties have seven days to either serve and file a response or notify the District Judge that they do not intend to respond to the objection. Except on grounds of plain error, a party cannot attack on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did file timely objections. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed, this the 6th day of August, 2018.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE